```
             IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
AMERICAN MODERN HOME
INSURANCE COMPANY,              *

     Plaintiff,                 *

v.                              *        CIVIL NO.: WDQ-03-1869

REEDS AT BAYVIEW MOBILE HOME    *
PARK, LLC, et al.,
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is the Defendants' bill of costs for fees paid to secure a judgment of the Court while the Defendants appealed. For the following reasons, the Court will order the Plaintiff to pay those costs to the Defendants.

I. Background

American Modern Home Insurance Group[1] sought declaratory judgment that it had no duty to defend or indemnify the Defendants, five trailer parks it insured that had been sued in a class action in the Circuit Court for Anne Arundel County. Having found that the Defendants' insurance policies did not

---

[1] The Court's docket lists the Plaintiff as "American Modern Home Insurance Company," but the parties consistently refer to the Plaintiff as "American Modern Home Insurance Group" in their filings, including the complaint.

1

cover the kinds of tort claims that were alleged in the class action complaint, the Court held that the Plaintiff had no duty to defend or indemnify the Defendants. *American Modern Home Ins. Co. v. Reeds at Bayview Mobile Home Park, LLC*, No. 03-1869, slip op. at 8 (D. Md. Jan. 28, 2005).

The Plaintiff had provided a defense for the Defendants in the class under a reservation of rights.[2] *Id.* at 5.  But as the Court held that the Plaintiff did not have a duty to provide a defense, it ordered the Defendants to refund the money that the Plaintiff had paid to satisfy the terms of the class action settlement agreement. *Id.* at 10.  On March 21, 2005 the Court amended its January 28, 2005 order to require each of the five Defendants to pay $40,000 ($200,000 total) to the Plaintiff. *American Modern Home Ins. Co. v. Reeds at Bayview Mobile Home Park, LLC*, No. 03-1869, (D. Md. Mar. 21, 2005).

The Defendants filed a notice of appeal on February 3, 2005, and an amended notice of appeal on March 23, 2005.  The Fourth Circuit upheld the Court's determination that the Plaintiff had no duty to defend the Defendants, but reversed the Court's decision that the Defendants were obligated to reimburse the

---

[2] When an insurer defends an insured under a reservation of rights, the insurer generally reserves the right to discontinue the defense or deny indemnification if it is later determined that the insurer is not obligated to provide coverage. *See State Auto Prop. & Cas. Ins. Co. v. Travelers Indem. Co. of Am.*, 343 F.3d 249, 253 n.8 (4th Cir. 2003).

Plaintiff for the settlement payments it made on their behalf. *American Modern Home Ins. Co. v. Reeds at Bayview Mobile Home Park, LLC*, No. 05-1149, slip op. at 12 (4th Cir. Apr. 14, 2006), *reh'g denied*, No. 05-1149, slip op. at 1 (4th Cir. May 12, 2006). The Fourth Circuit issued a mandate making its decision effective along with an order directing the payment of costs on May 22, 2006.  The Defendants filed the pending bill for the costs incurred to secure judgment during appeal on June 6, 2006.

The Defendants' bill of costs is unusual in that, in lieu of the Defendants giving a supersedeas bond to stay the Court's judgment under Federal Rule of Civil Procedure ("FRCP") 62(d), the parties agreed that the Defendants would secure irrevocable letters of credit for the Plaintiff in exchange for the Plaintiff's promise to not execute on the judgment while the appeal was pending.  The Plaintiff does not contest this agreement as part of its objection, but the Court addresses below the issue of whether costs incurred to obtain irrevocable letters of credit to secure a judgment on appeal are taxable.

The Plaintiff objects to the bill of costs on two grounds: first, because the Fourth Circuit did not explicitly award the Defendants any costs for securing judgment in its May 22, 2006 order directing the payment of costs; and second, because the bill of costs was untimely filed under the Court's Local Rule ("L.R.") 109.1.a.

II. Analysis

A. Irrevocable Letters of Credit in Lieu of Supersedeas Bonds

FRCP 62(d) permits a party appealing a decision to obtain a stay of judgment by procuring a bond, called a supersedeas bond, that secures the judgment against them while the appeal is pending.[3]

Federal Rule of Appellate Procedure ("FRAP") 39(e) states that "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal" are properly taxable in the district court. Fourth Circuit Rule 39(c) further states that "[v]arious costs incidental to an appeal must be settled at the district court level," including "the premiums paid for any required appeal bond."

This case involves an innovative arrangement by which, in lieu of the Defendants' obtaining a stay with supersedeas bonds, the Plaintiff accepted irrevocable letters of credit secured by the Defendants and, in exchange, refrained from executing on the Court's judgment while the Defendants' appeal was pending. Defs.' Bill of Costs, 2, Ex. 3. The Defendants maintained to the Plaintiff that such an arrangement was to the advantage of both

---

[3] "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court." Fed. R. Civ. P. 62(d).

4

parties, as irrevocable letters of credit are cheaper to obtain that supersedeas bonds, and the Plaintiff bore the risk of incurring that cost if the judgment was reversed. *Id*. at 2, Ex. 2.

The five Defendants paid a total of $3,637.50 ($727.50 each) to obtain the irrevocable letters of credit, and now ask the Court to tax the Plaintiff that amount as "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal." Fed. R. App. P. 39(e)(3). The Plaintiff does not dispute these figures or the aforementioned agreement between the parties.

The Court construes FRAP 39(e)(3)'s "bond[s] to preserve rights pending appeal" broadly to include irrevocable letters of credit as they were used in this case. The instruments have served as tantamount to bonds by securing the rights of the appellee in the district court's judgment pending the appeal. The fees paid by the Defendants to cause the letters of credit to be issued are the cost of securing that judgment for the other party and correspond to the "premiums" described in FRAP 39(e)(3). Thus the Court has the power to tax the fees paid for the irrevocable letters of credit under FRAP 39.

B.  Defendants' Entitlement to Costs

FRAP 39(e) directs that costs taxable in the district court

are "for the benefit of the party entitled to costs under this rule." FRAP 39(a) indirectly designates the parties entitled to costs by stating "[a]gainst [w]hom" those costs are assessed. FRAP 39(a)(4) states that "if a judgment is affirmed in part, reversed in part," as it was in this case, "costs are taxed only as the court orders." Fourth Circuit Rule 39(c), "Recovery of Costs in the District Court," provides:

> The only costs generally taxable in the Court of Appeals are (1) the docketing fee if the case is reversed; and (2) the cost of printing or reproducing briefs and appendices, including exhibits.
> Although some costs are "taxable" in the Court of Appeals, all costs are recoverable in the district court after issuance of the mandate.

Fourth Circuit Rule 39(c) also generally states that recovery of costs of appeal at the district court level are applied for "by the successful party on appeal."

The Fourth Circuit's order on the disposition of costs recognizes the parties' filed stipulation regarding the costs of appeal and directs the parties to split the costs of the joint appendix and docketing fee pursuant to the stipulation. *American Modern Home Ins. Co. v. Reeds at Bayview Mobile Home Park, LLC*, No. 05-1149 (4th Cir. May 22, 2006). That stipulation, signed by all parties, states: "This Stipulation is without prejudice to the [Defendants'] right to seek costs taxable in the District Court pursuant to Fed. R. App. P. 39(c) and [Fourth Circuit] Rule 39(c) after this Court issues its mandate. . ." Defs.' Reply Ex.

6

B.

The stipulation constitutes an agreement by the parties for the Defendants' district-court-level costs to be determined by this Court.  The Fourth Circuit's order recognizes this stipulation and then orders the payment of only those costs "generally taxable in the Court of Appeals": the docketing fee and the cost of printing the joint appendix.  The Court interprets the Fourth Circuit's recognition of the stipulation in its order as leaving the Court the discretion to rule on the Defendants' bill of costs in accordance with the stipulation.  The costs at issue were incurred to secure a judgment by this court that the Defendants pay the Plaintiff $200,000, which was reversed on appeal.  The Defendants are thus entitled to costs for the fees paid to secure the judgment they were successful in having reversed.

C.  Defendants' Untimely Filing

Under L.R. 109.1.a: "A bill for costs incurred on appeal taxable in this Court should be filed within fourteen days of the issuance of the mandate by the Court of Appeals . . . ."  However, under L.R. 604: "For good cause shown, the Court may in a particular case suspend the provisions of these Rules upon application of a party or upon its own motion . . ."

The Fourth Circuit's mandate was issued on May 22, 2006, and

7

the Defendants' bill of costs was filed on June 6—fifteen days later, and one day after the filing deadline.  The Defendants' counsel admits he made an error in reading the electronic notice of the Fourth Circuit's mandate sent by this Court on May 23, 2006, which stated the mandate was "received from [the] Deputy Clerk entered on 5/23/2006 at 3:27 PM EDT and filed on 5/23/2006."  Counsel mistakenly interpreted the date the mandate was filed in this Court as the date it was filed and issued by the Fourth Circuit.  Defendants' counsel was not unduly careless in filing the bill of costs within what he believed was the correct deadline, based on an ambiguity in the Court's notice, only one day late.  The Plaintiff has not alleged it was prejudiced by this one-day delay; in fact, it should have anticipated that the Defendants would file a bill of costs as was agreed in the parties' stipulation.  Moreover, it would be unjust for this Court to deny costs to which the Defendants are entitled for an inconsequential error by counsel.

Accordingly, the Court invokes L.R. 604 and waives the timeliness requirement of L.R. 109.1.a for good cause shown.

III.  Conclusion

    For the reasons stated above, the Court will order that the Plaintiff pay $727.50 to each of the five Defendants for fees paid to secure this Court's judgment on appeal.


October 17, 2006                                /s/
Date                                          William D. Quarles, Jr.
                                                United States District Judge